IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| David HAMMETT, | ) |
|     Plaintiff, | ) |
| v. | ) Case Number: |
| | ) CV-98-PT-2154-M |
| PALM HARBOR HOMES, Inc., | ) |
| MORGAN DRIVEAWAY, Inc., and | ) |
| ASHCO SUPPLY, | ) |
|     Defendants. | ) |

MEMORANDUM OPINION

I. Background and Summary of Claim

    Plaintiff David Hammett ("Hammett") filed a complaint against several defendants, including Morgan's Driveaway, Inc. ("MDI"), on July 24, 1998 for damages based upon injuries Hammett allegedly sustained when a tire detached from a mobile home trailer passing on the highway next to his home, crossed the highway, entered Hammett's yard, and struck him in the chest. Included as Count V of the Complaint is a count for "spoilation of the evidence." The plaintiff seeks compensatory and punitive damages from the defendant as a result of the alleged spoilation. MDI, in response to Count V of the complaint, has filed a motion for summary judgment on the spoilation count, claiming that Alabama courts and Alabama law have not recognized a separate tort for spoilation of the evidence and claiming that, even if the tort were to be recognized in Alabama, Hammett has failed to produce any admissible evidence to support his claim.

II. MDI's Argument for Summary Judgment on Spoilation of the Evidence Count

    MDI contends that there exists no separate cause of action in Alabama for spoilation of evidence and focuses on the Alabama Supreme Court's language in <u>Christian v. Kenneth Chandler Construction Company,</u>



2

Inc., 658 So.2d 408 (1995 Ala.) to support that assertion. In Christian, plaintiffs brought a number of claims against a homeowner whose 20 foot high deck collapsed during a social occasion, causing substantial injuries to several people. One of the defendants, after photographing and videotaping the remains of the deck as instructed by his insurer, burned the wood that had formerly composed the deck. The defendant claimed that he did so to alleviate the danger of his daughter or other family members being injured by the collapsed boards and nails. The plaintiffs asked the court to recognize a separate tort for spoilation of evidence, claiming that the defendant had burned any evidence that might indicate noticeable defects and problems with the wood and that such actions constituted a tort. In responding to the plaintiff's request, the court stated:

> The trial court also entered summary judgments against the plaintiffs on their claims alleging a new tort, "spoliation of evidence." The plaintiffs ask this Court to recognize a separate tort based on a defendant's destruction of evidence. However, in May, supra, and Campbell, supra, where the alleged spoilator was a party to the action, as in this case, no separate cause of action was recognized. Although a few jurisdictions have recognized a new independent tort based on spoliation of evidence, the majority of courts considering the issue have declined to adopt such a new cause of action. Moreover, as discussed above, the particular facts of this case make it inappropriate for us to consider recognizing a new cause of action at this time. Further, with regard to State Auto [Insurance Company], the plaintiffs concede on appeal that it was not involved in the spoliation of evidence. We conclude that the trial court did not err in entering the summary judgments for all defendants on this claim.

658 So.2d at 413-14.

In discussing whether or not to recognize spoilation as a separate tort, the Christian court found cases from Alaska, California, Florida, New Jersey and Ohio that had recognized a separate tort for spoilation of the evidence,[1] but found that courts considering the matter under the laws of Arizona, Georgia, Arkansas, Illinois, Indiana, Louisiana, Maryland, Kansas, Michigan, Minnesota, Missouri, New York and Texas had refused to

---

[1] See Hazen v. Municipality of Anchorage, 718 P.2d 456 (Alaska 1986); Smith v. Superior Court for Los Angeles County, 151 Cal.App.3d 491, 198 Cal.Rptr. 829 (1984); Bondu v. Gurvich, 473 So.2d 1307 (Fla.Dist.Ct.App. 1984), rev. denied, 484 So.2d 7 (Fla. 1986); Viviano v. CBS, Inc., 251 N.J.Super. 113, 597 A.2d 543 (1991), cert. denied, 127 N.J. 565, 606 A.2d 375 (1992); Smith v. Howard Johnson Co., 67 Ohio St.3d 28, 615 N.E.2d 1037 (1993).

recognize the doctrine.[2]

The spoilation of the evidence doctrine, according to the court in Christian, is traditionally used only to create an inference in favor of the non-spoiling party on those issues influenced by the spoilation. In determining whether or not the doctrine could be applied to the facts in Christian, the court stated that "[a]lthough the destruction of evidence. . . may, in some instances, be regarded as a sufficient foundation for an inference of [the spoilator's] guilt or innocence, that general rule is not applicable here, because of the particular facts of the case." Christian, 658 So.2d at 411. The Christian court found that the facts of the case precluded an inference in favor of the plaintiffs because the plaintiffs could not show bad faith and because what the defendant knew about the condition of the deck following the accident was, in the court's view, not a significant matter.

MDI emphasizes that, when courts do utilize the spoilation of evidence doctrine to create an inference in favor of one of the parties, the party employing the doctrine is required to show bad faith on the part of the spoilor. In Bashir v. Amtrak, 119 F.3d 929 (11th Cir. 1997), the 11th Circuit found that "[i]n this circuit, an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." Bashir, at 931 (citing Vick v. Texas Employment Comm'n, 514 F.2d 734, 737 (5th Cir. 1975). The Alabama Supreme Court required a plaintiff to provide something more than conclusory allegations of bad faith in order to successfully invoke the spoilation of evidence doctrine in Williams v. Michelin Tire Corp., 496 So.2d 743 (Ala. 1986). Additionally, the Christian court required the plaintiffs to show that the spoiled

---

[2] See La Raia v. Superior Court in and for Maricopa County, 150 Ariz. 118, 722 P.2d 286 (1986); Wilson v. Beloit Corp., 921 F.2d 765 (8th Cir. 1990) (applying Arkansas law); Gardner v. Blackston, 185 Ga.App. 754, 365 S.E.2d 545 (1988); Petrik v. Monarch Printing Corp., 150 Ill.App.3d 248, 103 Ill.Dec. 774, 501 N.E.2d 1312 (1986), appeal denied, 114 Ill.2d 556, 108 Ill.Dec. 424, 508 N.E.2d 735 (1987); Murphy v. Target Products, 580 N.E.2d 687 (Ind.App.1991); Koplin v. Rosel Well Perforators, Inc., 241 Kan. 206, 734 P.2d 1177 (1987); Edwards v. Louisville Ladder Co., 796 F.Supp. 966 (W.D.La.1992) (applying Louisiana law); Miller v. Montgomery County, 64 Md.App. 202, 494 A.2d 761 (1985), cert. denied, 304 Md. 299, 498 A.2d 1185 (1985); Panich v. Iron Wood Products Corp., 179 Mich.App. 136, 445 N.W.2d 795 (1989); Federated Mut. Ins. Co. v. Litchfield Precision Components, Inc., 456 N.W.2d 434 (Minn.1990); Baugher v. Gates Rubber Co., 863 S.W.2d 905 (Mo.App.1993); Weigl v. Quincy Specialties Co., 158 Misc.2d 753, 601 N.Y.S.2d 774 (Sup.Ct.1993); Brewer v. Dowling, 862 S.W.2d 156 (Tex.Ct.App.1993).

4

evidence was critical to the plaintiffs' claim. 658 SO.2d at 412-13. Thus, states MDI, the plaintiff must not only allege spoilation of the evidence, but must also make a showing that the evidence altered, destroyed or modified was central to the case, and further show bad faith in order to gain the benefit of an inference in his favor. According to MDI, plaintiff has fallen far short of this requirement, having produced no admissible evidence to support an allegation of bad faith.

MDI maintains that plaintiff's Response, as outlined below, is founded upon allegations that plaintiff's attorney anticipates to prove, and that, under cases such as Broadway v. City of Montgomery, 381 F.Supp. 514 (M.D.Ala. 1974), aff'd in part and dismissed in part, 530 F.2d 657, such conclusory allegations are not properly considered as evidence on submission of motions for summary judgment. MDI further contends that the evidence submitted by the plaintiff consists entirely of inadmissible hearsay and that, according to Broadway, "evidence inadmissible at trial cannot be used to avoid summary judgment." 530 F.2d at __. The accident report furnished by plaintiff, states MDI, is, both by statute and case law, inadmissible in Alabama. MDI further maintains that the affidavit of Ed White submitted with plaintiffs Response, is inadmissible in that it consists entirely of hearsay and contains irrelevant and unsupported allegations. According to MDI, neither the affiant nor the person with whom the affiant spoke has any personal knowledge about the facts that pertain to this case (aside from the serial number of the mobile home).

MDI also notes that the plaintiff has yet to provide any evidence to support the conclusion that the evidence was in some way altered, destroyed or modified and has failed to produce any evidence that such alleged spoilation was the result of actions done by MDI in bad faith. Although the plaintiff cites the affidavit of Ed White to support its conclusion, the affidavit, states the defendant, provides no factual evidence to support the conclusion and, as argued above, consists of inadmissible hearsay. Therefore, on top of arguing that spoilation is not a cause of action for which the plaintiff can recover damages, MDI also avers that spoilation cannot properly be used in this case in an evidentiary capacity to create an inference in favor of the plaintiffs.

### III. Plaintiff's Response

Plaintiff acknowledges in his Response that the Alabama Supreme Court has not extended the doctrine of spoilation of the evidence to the extent that it would rise to the level of a separate tort that would support an independent claim for damages. However, the plaintiff notes that there exists "much legal commentary that would justify and support such a tort," and has attached an article written by a New Jersey lawyer to support his contentions.

Plaintiff also states that he anticipates the defendants to claim that he cannot establish an evidentiary basis to support a claim for damages. The plaintiff contends that the only reason the defendants may have any justifiable basis to make the argument will be because agents, servants and/or employees of MDI or other persons whose names and/or identities have not yet been ascertained actively engaged in conduct to suppress and/or otherwise destroy evidence.

Plaintiff claims that the axle and/or trailer involved in this event was not preserved, but, instead, was either altered, amended, reconfigured and/or otherwise allowed to be modified without preservation. The evidence was, according to the plaintiff, clearly altered or compromised by a party, the defendants, responsible for properly caring for and operating a mobile home hauler and for maintaining a carriage that hauls mobile homes. The plaintiff further states that when the evidence was altered, the defendant and/or its agents, servants and/or employees were aware that the axle and trailer would likely be the subject of further investigation and/or litigation. Plaintiff has attached the affidavit of Ed White, who, at the request of plaintiff's attorney, spoke with a representative from Patrick Homes about Patrick Homes' acceptance of the mobile home involved in the accident. The representative gave Mr. White the serial number for the mobile home involved in the incident and related to him Patrick Homes' policies and practices with respect to the wheels and axles on mobile homes. According to Mr. White, the representative told him that:

> [U]pon receipt of the mobile home, it was inspected and must have all of the wheels, tires and axles as well as the other items ordered on that mobile home before it will be released to them by the driver. [The representative] further advised me (Mr. White) that the wheels, tires and axles stay in place on the mobile

6

> home until it is delivered and set up after it is sold. [The representative] stated that at that point in time, the axles, hubs, wheels and tires are removed and stored at their (Patrick Homes) lot location until picked up by a motor carrier . . . [The representative] stated that if a tire came off before it was received at their lot, it would have to be replaced by the driver or someone from Morgan Trucking Company.

Affidavit of Ed White.

The plaintiff argues, based on the affidavit, that even if the alleged spoilation does not constitute grounds for a separate tort action, defendants' conduct will entitle the plaintiff to an appropriate charge to the jury and possible in limine orders by the court protecting the plaintiff from improper or prejudicial arguments and inferences by the defendant due to the lack of evidence available to the plaintiff and the plaintiff's consequential inability to establish a defect in design, maintenance, upkeep and/or use of the trailer, axle and wheel involved in this case. Plaintiff thus concludes that, although the State of Alabama has not recognized spoilation of the evidence as an independent tort, a justification exists for the plaintiff to be able to develop evidence in support of the argument that the defendants actively spoiled evidence that it knew or should have known would be the subject of post-accident investigation.

## IV. Court's Conclusion

In the absence of a determination by the appellate courts of the State of Alabama that Alabama recognizes an independent "spoilation" claim, this court will not recognize such a claim. In any event, there is not sufficient admissible evidence to support such a claim. MDI's Motion For Summary Judgment with respect to the "spoilation" claim, as such, will be granted. The court does not reach the issue as to the admissibility of or effect of related evidence at trial.

This 14 day of October, 1998.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE